UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEONDRE M. CHISOLM,

    Plaintiff,

v.                                                    Case No. 3:21cv921-LC-HTC

PROSECUTOR MONICA DANIELS
LUCKY CAB TAXI SERVICE,
ESCAMBIA COUNTY SHERIFFS
OFFICE, ESCAMBIA COUNTY JAIL,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff, Deondre M. Chisolm, a pretrial detainee proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 4. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). The undersigned has screened the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and recommends this case be dismissed for failure to state a claim. Specifically, the complaint seeks monetary relief against defendants who are either immune from liability, not subject to suit, or not actors under color of state law, and a probable cause determination was made by a judge

prior to Plaintiff's arrest and detention. Thus, Plaintiff has failed to state a claim against Defendants as a matter of law and leave to amend would be futile.

## I. BACKGROUND

Plaintiff sues four (4) defendants in this action: Lucky Cab Taxi Service, Assistant State Attorney Monica Daniels, the Escambia County Sheriff's Office, and the Escambia County Jail for alleged wrongful incarceration. Plaintiff sues Daniels and Lucky Cab in their official and individual capacities and the Sheriff's Office and Jail in their official capacities only. As set forth below, the crux of Plaintiff's allegations arise out of an arrest and jury trial that resulted in a not guilty verdict in the following underlying criminal case, *State v. Chisolm,* In the Circuit and County Courts of Escambia County, Florida, Case No.: 18CF1272A.[1]

Plaintiff's complaints contain the following allegations, which are accepted as true for purposes of this report and recommendation:[2] Lucky Cab Taxi Service "allowed an employee to make a frivolous report of robbery and petit theft which revolved into an arrest and wrongful incarceration." ECF Doc. 4 at 6. According to

---

[1] The Court takes judicial notice of docket and available filings, which can be accessed online at https://public.escambiaclerk.com/BMWebLatest/CourtCase.aspx/Details/2406213?digest=riyt5T EUDRDPYPaYMJUMxw. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir. 2020) (recognizing that a court may take judicial notice of online court dockets and a fact that is not subject to a reasonable dispute, provided that the court give the parties an opportunity to be heard).
[2] Because there were a few more facts contained in Plaintiff's initial complaint as to Daniels, the Court included those facts herein. *See Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 170, n. 15 (D.D.C. 2013), *aff'd*, 796 F.3d 1 (D.C. Cir. 2015) ("[t]he Court may consider the original Complaint and Plaintiffs' other filings, including sworn statements, in evaluating the Amended Complaint [on a MTD]").

the arrest warrant, Lucky Taxi employee, Rice, told sheriff's deputies, under oath, she picked up Plaintiff at a Circle K, and after dropping him off at his apartment, Plaintiff told Rice, "Give me all your money or you'll get hurt." *See* Arrest Warrant, 18CF1272A. Rice ended up giving Plaintiff $100.00. *Id.*

Plaintiff alleges, nonetheless, that Defendant Daniels "followed up as a state attorney and continued to charge [him] with" robbery and petit theft, in violation of his "4th, 5th, and 14th Amendment Due Process." ECF Doc. 1 at 4; ECF Doc. 4 at 5. Daniels continued to pursue said charges for thirteen (13) months despite having "discover[ed] that the charges were frivolous." ECF Doc. 1 at 4. Plaintiff went on to have a jury trial on April 17, 2019 and was found "not guilty." *Id.*

Plaintiff also alleges the "Escambia County Sheriff's office violated [Plaintiff's] 4th, 5th, and 14th amendment due process" through wrongful incarceration. ECF Doc. 1 at 4; ECF Doc. 4 at 6. The "Escambia County Jail wrongfully incarcerated [him] from March 6th, 2018 to April 17th, 2019." ECF Doc. 4 at 5. Plaintiff seeks damages in the amount of "1 million dollars no less than $250,000 per count" and removal of the arrest from his record.[3] *Id.* at 8.

---

[3] See *Chisolm v. Brock et. al.*, No. 2:21-CV-14256 (S.D. Fla. June 22, 2021). Plaintiff recently filed this 42 U.S.C. § 1983 suit regarding different criminal charges in which he similarly alleged that he was wrongfully incarcerated by the Sheriff's Department, and that the leading officer on the case, and a civilian that gave information for the incident report acted fraudulently. The court dismissed his claims against the Sheriff's department because it is not "an entity capable of being sued in Florida" and the civilian because they were not "acting under color of state law." The court also dismissed Plaintiff's claims for injunctive relief, pursuant to the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), and stayed his claims for monetary damages until the state proceedings had run their course.

Case No. 3:21cv921-LC-HTC

## II.   LEGAL STANDARD

District courts have "'unquestionable' authority to control their own dockets. This authority includes "broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citations omitted). Thus, a district court may *sua sponte* dismiss a *pro se* litigant's complaint where the plaintiff cannot cure the defects by amending his complaint, or an amendment would be futile. *See Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020); *Woldeab v. DeKalb Cnty Bd. of Ed.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

Indeed, while a court should read a *pro se* complaint liberally, "early evaluation of the potential merits of a *pro se* litigant's claim is very important because initial screening by the court can eliminate patently frivolous actions." *See, e.g.*, *Gonzalez v. Citicorp Credit Srvcs., Inc.*, 2015 WL 13776794 (S.D. Fla. May 18, 2015), *adopting report and recommendation*, 2015 WL 13776795 (June 22, 2015). Moreover, where a plaintiff seeks to proceed *in forma pauperis* and is a prisoner seeking relief against a governmental entity, officer, or employee, such as in this case, the Court must also "dismiss the case at any time if the court determines that … (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also*, 28 U.S.C. § 1915A.

## III. DISCUSSION

As an initial matter, Plaintiff's complaint fails to meet the notice pleading requirements set forth in Federal Rule of Civil Procedure 8. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] claim for relief must contain sufficient factual allegations to cross 'the line between possibility and plausibility.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

It is abundantly clear from the face of the complaint that Plaintiff has woefully failed to meet the requirements set forth in Rule 8. Even when reading the complaint and amended complaint together and liberally in Plaintiff's favor, Plaintiff has failed to allege facts sufficient to put the defendants on notice of the wrongdoing alleged against them. Instead, Plaintiff's allegations constitute nothing more than conclusory allegations of wrongdoing.

Regardless, even aside from Rule 8, Plaintiff's complaint should be dismissed because (a) Defendant Daniels is immune from suit, (b) Lucky Taxi is not a state

actor, (c) The Escambia County Sheriff's Department and Jail are not "persons" under § 1983, and (d) allowing Plaintiff a second opportunity to amend his complaint would be futile as Plaintiff's arrest and detention were supported by probable cause.

### A. Daniels Is Immune from Suit

As stated above, Plaintiff has sued Daniels for prosecuting him for the underlying criminal charges. Courts have long established, however, that a prosecutor enjoys "absolute immunity from . . . 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). "Such absolute immunity extends to a prosecutor's 'acts undertaken in preparing for the initiation of judicial proceedings . . . which occur in the course of his role as an advocate for the State.'" *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

Plaintiff's bare allegation that Daniels' continued the prosecution even after discovering the charges were frivolous does not abrogate Daniels' prosecutorial immunity. "[T]he absolute immunity doctrine has evolved such that even wrongful or malicious acts by prosecutors are allowed to go unredressed . . ." *Hart v. Hodges*, 587 F.3d 1288, 1298 (11th Cir. 2009). The Eleventh Circuit has recognized that "[p]rosecutors have absolute immunity when filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, [and] refusing to investigate

complaints about the prison system . . . ." *Id.* at 1295 (quoting *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir.1979)).

Regardless, Plaintiff has not alleged any facts showing the charges were frivolous or how Daniels discovered the charges were frivolous, and allowing Plaintiff to amend his allegations would be futile because the underlying criminal records show Plaintiff's prosecution was made without malice and with probable cause. To state a cause of action for malicious prosecution in violation of the Fourth Amendment, Plaintiff must allege facts showing the following: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Wood v. Kesler*, 323 F.3d 872, 881-82 (11th Cir. 2003) (citations omitted).

Here, there are no allegations Daniels acted with malice. A judge issued the arrest warrant against Plaintiff, and subsequent to Plaintiff's arrest, the state court made an initial determination of probable cause at Plaintiff's initial appearance. *See* arrest warrant and probable cause determination, 2018CF1272A. The existence of probable cause is an absolute bar to Plaintiff's claim for malicious prosecution. *See Holt v. U.S. Atty. Gen.,* 486 F. App'x 97, 99 (11th Cir. 2012). Thus, Plaintiff's allegations against Daniels for malicious prosecution necessarily fail and cannot be remediated through an amendment.

Case No. 3:21cv921-LC-HTC

### B. Lucky Taxi Cab Service Is Not a State Actor

A claim under 42 U.S.C. § 1983 requires Plaintiff to establish two (2) elements: (1) the alleged misconduct was committed by a person acting under color of state law and (2) this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). In other words, the defendant must be a state actor. *Almand v. DeKalb Cnty., Ga.*, 103 F.3d 1510, 1513 (11th Cir.1997) ("A successful section 1983 action requires that the plaintiff show he was deprived of a federal right by a person acting under color of state law."). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state," *Griffin*, 261 F.3d at 1303, or when "the manner of his conduct . . . makes clear that he was asserting the authority granted him and not acting in the role of a private person." *Williams v. United States*, 341 U.S. 97, 100 (1951).

Plaintiff alleges that an employee of Lucky Taxi Cab Service filed a frivolous police complaint against him. ECF Doc. 1 at 4. Lucky Taxi is a private company and regardless of whether one of its employees filed a frivolous complaint; such conduct is purely private action. *See Dye v. Radcliff*, 174 F. App'x 480, 483 (11th Cir. 2006) ("a private party does not act under color of state law merely by calling upon official state authority when he does not also join in the exercise thereof"); *see*

*also, Redding v. St. Eward,* 241 F.3d 530, 533 (6th Cir. 2001) (defendant's action in making the 911 calls and reports to the responding officers were "functionally equivalent to that of any private citizen calling for police assistance"). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003). Thus, Plaintiff's allegations against Lucky Taxi fail as a matter of law.

### C. Claims Against Escambia County Sheriff's Department and Jail

As stated above, Plaintiff also sues the Sheriff's Department and Jail. Neither the Sheriff's Department nor the Jail, however, are entities subject to suit under section 1983. *See Wilk v. St. Lucie Count Fla. Sheriff Office*, 740 F. App'x 658, 662 (11th Cir. 2018) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held."); *Avant v. Rice*, 1992 WL 359633, at *6 (M.D. Fla. Nov. 19, 1992) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office).

It would be futile, however, for the Court to allow Plaintiff to amend his complaint to name the Sheriff, which is a "person" for purposes of section 1983, because Plaintiff does not allege any personal involvement by the Sheriff. To

impose § 1983 liability on the Sheriff in his supervisory role, Plaintiff must show an official policy or custom of the Sheriff was the "moving force" behind the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). Here, Plaintiff cannot allege a constitutional violation for false arrest or false imprisonment, *and* even if he could, he has alleged no facts showing the Sheriff had a policy or custom which was the moving force behind any unconstitutionality of the arrest.

First, as stated above, Plaintiff's arrest was based on a valid arrest warrant, signed by a judge, after determining probable cause existed for the warrant,[4] *and* his subsequent detention was based on a subsequent probable cause determination made at the Plaintiff's initial appearance. "When a claimant is arrested by an agency based on a facially sufficient and validly issued arrest warrant, that person cannot satisfy the elements of a false arrest claim because the warrant confers "legal authority" on the arresting agency." *Florez v. Broward Sheriff's Off.*, 270 So. 3d 417, 421 (Fla. Dist. Ct. App. 2019).

---

[4] A "claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests." *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (citation omitted). Here, a judge issued a warrant for Plaintiff's arrest. The issuance of the warrant extinguishes any claim for false arrest claim and leaves only a claim for malicious prosecution. *Crystal v. Porsche of Destin*, No. 3:20CV5579/LAC/EMT, 2021 WL 1821204, at *6 (N.D. Fla. Apr. 7, 2021), *report and recommendation adopted*, No. 3:20CV5579/LAC/EMT, 2021 WL 1818485 (N.D. Fla. May 6, 2021), *appeal dismissed*, No. 21-11557-A, 2021 WL 3487358 (11th Cir. June 14, 2021).

This is true regardless of whether the warrant was erroneously issued because "law enforcement does not have the discretion to disregard a facially valid warrant issued by an entity authorized to issue warrants." *Id.* at 422 (citing *Andrews v. Fla. Parole Comm'n,* 768 So.2d 1257, 1263 (Fla. 1st DCA 2000) (holding that the court properly dismissed a false imprisonment claim against the Department of Corrections after it detained the defendant pursuant to a warrant erroneously issued by another entity because "[the Department of Corrections] was entitled to accept the warrants as lawful, as they were regular on their face and issued by a legal body having authority to issue warrants") and *Eslinger v. Shields*, 91 So.3d 185, 186 (Fla. 5th DCA 2012) (holding that an arresting agency was not liable for false imprisonment when it arrested the defendant pursuant to a warrant erroneously issued by an entity in another jurisdiction because the arresting agency "had no obligation to look behind the warrants and no discretion in executing them")). The existence of legal authority also precludes a claim for false imprisonment. *See Mathis v. Coats*, 24 So. 3d 1284, 1289 (Fla. 2d DCA 2010) (setting forth elements for false imprisonment as including detention without legal authority or "color of authority").

## IV.   CONCLUSION

Although the Court should generally not dismiss a case without allowing the Plaintiff an opportunity to amend, such an opportunity here would be futile. *See*

*Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("district courts need not permit amendment where it would be futile to do so"). Moreover, because this is a recommendation for dismissal, Plaintiff will be provided an opportunity to file an objection to this report and recommendation prior to dismissal. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted) (before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Accordingly, it is RESPECTFULLY RECOMMENDED:

1. This action be dismissed *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A for failure to state a claim on which relief can be granted.

2. The clerk be directed to close the case.

DONE AND ORDERED this 9th day of September, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.